09-3552-ag
Jiang v. Holder

BIA
Brennan, IJ
A094 824 889

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of August, two thousand ten.

PRESENT:
    ROGER J. MINER,
    GUIDO CALABRESI,
    DEBRA ANN LIVINGSTON,
            *Circuit Judges*.

_____

XUE MING JIANG,
        *Petitioner*,

        v.                                   09-3552-ag
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Dawn S. Conrad, Trial Attorney
                       (Francis W. Fraser, Senior
                       Litigation Counsel, Tony West,
                       Assistant Attorney General), Office
                       of Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Ming Jiang, a native and citizen of China, seeks review of the July 24, 2009 order of the BIA, affirming the October 15, 2007 decision of Immigration Judge ("IJ") Noel A. Brennan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Ming Jiang*, No. A094 824 889 (B.I.A. July 24, 2009), *aff'g* No. A094 824 889 (Immigr. Ct. N.Y. City Oct. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *see also Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. For asylum applications governed by the amendments made to the Immigration and Nationality

Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the record supports the IJ's findings that: (1) Jiang provided inconsistent testimony regarding the details of his arrest; (2) Jiang provided evasive and inconsistent testimony regarding whether he was employed after he was released from detention; (3) Jiang failed to provide an adequate explanation as to how he was able to obtain travel visas after he was released from detention, given that he was expected to report monthly to Chinese authorities; (4) Jiang's negative demeanor was impacted by his quirky behavior, which included a "forced cough" during certain parts of his testimony; (5) Jiang testified implausibly when he claimed that he did not know how long his friend was detained, even though he and his friend were arrested together and though he submitted a letter from his friend which indicated that his friend was detained for two weeks; and (6) Jiang testified implausibly that he practiced Falun Gong alone in his house in Brooklyn,

3

but submitted photographs thereby indicating that someone else had been present on at least three occasions.

To the extent Jiang challenges the IJ's other credibility findings, we decline to consider these arguments. Even if the IJ's remaining findings were in error, remand would be futile as we can confidently predict that the agency would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Accordingly, the IJ properly denied Jiang's application for withholding of removal and CAT relief because the only evidence that he was likely to be persecuted or tortured depended on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk